

Before LOURIE, SCHALL, and LINN, Circuit Judges.

### DECISION

PER CURIAM.

David A. Jessen petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the March 12, 2002 final decision of the Office of Personnel Management ("OPM") denying his request for a survivor annuity as a disabled, dependent child incapable of self-support. *Jessen v. Office of Pers. Mgmt.*, No. DC–0831–02–0395–I–1, 93 M.S.P.R. 376 (M.S.P.B. Feb. 3, 2003). We *affirm*.

### DISCUSSION

#### I.

Mr. Jessen is the adult son of Frederick Jessen, who retired from government ser-

**David A. JESSEN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 03–3153.

United States Court of Appeals, Federal Circuit.

DECIDED: July 14, 2003.

vice on March 3, 1990. Upon his retirement, Frederick Jessen elected to receive a reduced annuity, with a survivor benefit for his wife, Gloria Jessen. Frederick Jessen died on March 22, 2000. At the time of his father's death, Mr. Jessen was almost forty years old.

Following her husband's death, Gloria Jessen submitted an application for survivor benefits, and Mr. Jessen applied for disabled dependent child benefits. Mr. Jessen alleged that he suffers from schizoaffective disorder and chronic back pain. Pursuant to 5 U.S.C. § 8341(e)(2), a surviving child of a retiree is entitled to an annuity if, at the time of the retiree's death, the surviving child is an unmarried dependent of the retiree and, regardless of age, is "incapable of self-support because of mental or physical disability incurred before age 18." 5 U.S.C. § 8341(a)(4)(B).

On December 8, 2000, OPM informed Mr. Jessen that it was necessary for him to submit medical evidence demonstrating that he met the statutory requirements for an annuity as a disabled dependent child incapable of supporting himself. On February 9, 2001, after Mr. Jessen failed to submit the required records, OPM denied his application.

Eventually, Mr. Jessen asked OPM to reconsider his application. In so doing, he submitted a statement of Dr. Elwin Upton that Mr. Jessen had back surgery at age 19 and again at age 28 and that he became incapable of self-support at age 35. Mr. Jessen also submitted records showing that, at age 31, he received a psychiatric evaluation from Dr. Thomas Irwin in connection with a pending criminal matter. At that time, Dr. Irwin stated that Mr. Jessen was competent to stand trial on the criminal charges that he was facing. After reviewing additional medical records provided by Mr. Jessen, OPM determined, in its final decision, that he had failed to

establish that he was disabled and incapable of self-support. OPM therefore denied his application.

Mr. Jessen timely appealed OPM's decision to the Board. On July 25, 2002, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he sustained OPM's denial of Mr. Jessen's application. *Jessen v. Office of Pers. Mgmt.*, No. DC–0831–02–0395–1–1 (M.S.P.B. July 25, 2002). The AJ determined that Mr. Jessen had not established that he was incapable of self-support due to a medical or physical disability that was incurred before he reached the age of 18. *Id.* The AJ also determined that there was no evidence that Mr. Jessen was dependent upon his father at the time of his death. *Id.* The AJ's initial decision became the final decision of the Board on February 3, 2003, when the Board denied Mr. Jessen's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Jessen v. Office of Pers. Mgmt.*, No. DC–0831–02–0395–I–1, 93 M.S.P.R. 376 (M.S.P.B. Feb. 3, 2003). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

On appeal, Mr. Jessen argues that the Board erred in its determination that he was not incapable of self-support due to a

**54**

mental disability that he incurred before he became 18 years old. In making this argument, he asserts, among other things, that he has a history of mental illness and that at the age of 16 or 17 he was diagnosed as a paranoid schizophrenic. However, we are not able to review Mr. Jessen's challenge to the factual determinations of the Board relating to his disability claim. In an appeal involving a disability claim, we may not review the Board's findings of fact, which is what Mr. Jessen is asking us to do in this case. *See Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) ("[W]hile the factual underpinnings of [5 U.S.C.] § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." (internal quotation marks omitted)); *Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 624–26 (Fed.Cir. 1995).

Because we are not authorized to review the Board's determination that Mr. Jessen did not suffer from a mental disability that he incurred before he was 18 years old, we have no alternative but to affirm the Board's decision sustaining OPM's denial of his application for survivor benefits as a dependent child.

No costs.